### R. L. GINSBURG & SONS v. UNITED STATES.

(Circuit Court, W. D. New York. February 28, 1906.)

No. 1,566.

CUSTOMS DUTIES—CLASSIFICATION—OLD FISHPLATES—SCRAP STEEL.

Old fishplates, which are so worn as to have lost their usefulness for railway purposes and are suitable for use only as scrap steel, are not dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 130, 30 Stat. 160 [U. S. Comp. St. 1901, p. 1637], as "railway fishplates." but under paragraph 122, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], as "scrap steel * * * fit only to be remanufactured."

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,398 (T. D. 24,605).

John C. Collins and William F. Mackey, for importers.
Charles H. Brown, U. S. Atty., and Wesley C. Dudley, Asst. U. S. Atty.

HAZEL, District Judge. The collector of the port of Buffalo, N. Y., classified the importation in question as old railway fishplates dutiable at the rate of four-tenths of 1 cent per pound under paragraph 130 of the existing tariff act. Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 160 [U. S. Comp. St. 1901, p. 1637]. The protestants claim that the merchandise is dutiable at the rate of $4 per ton as scrap steel under paragraph 122 (30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]). This is a review of the decision of the Board of General Appraisers sustaining the classification of the collector.

Evidence was taken in this court by which it satisfactorily appears that the articles in fact are scrap steel and fit only for remanufacture. Counsel for the government at the hearing, and in his brief submitted, conceded that the single question to be determined by the court is whether the condition of the fishplates as to shape and form has been so changed that it is impossible to again use them for the purpose for which they were manufactured. The testimony, which was not considered by the board, preponderatingly shows that to again use the articles as fishplates was wholly impracticable. Three disinterested witnesses experienced in the construction of railroads testified

that the articles were in such a bad and worn condition that they were wholly useless for rail or track purposes, that they were fit only to be remanufactured, and had no commercial value except as scrap steel. This uncontradicted showing is persuasive of the claim asserted by the importers, and the suggestion by the government that the fishplates could still be used by contractors and others engaged in mining and logging for the purpose originally intended is beside the point. No such evidence is in the record, the exhibits being insufficient to establish the suggestion.

It is further contended by the government that the principle of Downing v. United States, 122 Fed. 445, 58 C. C. A. 427, and Dwight v. Merritt, 140 U. S. 213, 11 Sup. Ct. 768, 35 L. Ed. 450, controls the disposition of the question presented. In the Downing Case, the evidence showed that some of the cannon were old and useless while others were valuable as relics and souvenirs and, in fact, were salable as such. In the classification for the purpose of imposing a tariff tax there was no separation between the cannon that were salable as relics and such as were of no value. Furthermore, it appeared in that case that the cannon were "composition metal" and that cannon really were included within the commercial designation "composition scrap." The Circuit Court of Appeals held that as a manufactured article the cannon have not "lost their character as manufactured articles by their age or their unfitness for their normal use." The pith of the decision is found in the language which claims that the articles retained their "original characteristics" sufficiently to cause them to be a vendable commodity; that is, that the cannon had a market value in addition to their value as old metal. So, also, in the case of Dwight v. Merritt, supra, where the rails concededly were not suitable for use in the United States in the condition in which they were imported. There was no evidence, however, that the rails prior to their importation had ever been used for any purpose whatever. They were new rails in the sense that they were in an unaltered state; they were simply old and covered with rust. These adjudications, therefore, are not precedents for the facts disclosed by the record, it being here shown that the articles have lost their utility as fishrails, and are useful solely for scrap iron, having no value other than the metal value.

The decision of the Board of General Appraisers is reversed and the articles are held dutiable under paragraph 122. So ordered.