KOONS, WILSON & CO. *v.* UNITED STATES (No. 2388).[1]

BEET PULP—WASTE.

    Beet pulp, the dried residue from sugar beets, after the extraction of the sugar, imported for use as cattle feed, is dutiable as "waste not specially provided for," under paragraph 384, tariff act of 1913, rather than admissible free of duty as a crude or unmanufactured vegetable substance, under paragraph 552.—Willitts & Co. *v.* United States (11 Ct. Cust. Appls. 499; T. D. 40023).

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, Abstract 46864

[Affirmed.]

*Sharretts, Coe & Hillis* and *Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

*William W. Hoppin*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument Nov. 12, 1924, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The issue in this case is the classification of beet pulp which is the dried residue from sugar beets after the sugar has been extracted, upon which duty was assessed at the rate of 10 per cent ad valorem, under the provisions of paragraph 384 of the tariff act of 1913 for "waste, not specially provided for."

The importers protested the classification, claiming that the merchandise was free of duty under the provision in paragraph 552 of said act for "moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for." The Board of General Appraisers overruled the protest, and from such action of the board the importers appeal to this court. The appraiser cited as authority for the classification T. D. 33971. This decision was by the Assistant Secretary of the Treasury in a letter directed to the collector of customs, Buffalo, N. Y. The Assistant Secretary, after describing the process of making sugar and the dried beet pulp, expresses the opinion that the merchandise was dutiable as "waste, not specifically provided for," under paragraph 384 of the tariff act.

---

[1] T. D. 40589.

The evidence shows that the beet pulp under consideration is in its crudest form known to commerce, and it is the contention of the importers that the beet pulp is a "vegetable substance" and that it is "crude and unmanufactured," and that it is not otherwise specially provided for. They rely upon T. D. 33971 to show that it is not a manufactured product. They insist that the evidence discloses affirmatively that it is "crude." In appellants' brief the following is found:

> The real question is whether or not this vegetable substance is excluded from classification as "crude," or as "unmanufactured," by reason of the fact that another substance (sugar) has been deliberately manufactured and extracted from it. We maintain that the only thing that has been "manufactured" and has ceased to be "crude" is the sugar whose production was the real object of the manufacturing operation, and that such portion of the original beet substance as incidentally remains over is just as crude as it was the day it was taken from the ground. * * * We do not deny that this residuum is a "waste" and that it would be dutiable as such if it were not covered by the language of another more specific paragraph.

It was the view of the board in their decision, and it is also the position taken by the Government in this court, that the sugar beet itself is a "crude vegetable substance," and that it is subjected to a process of manufacture for the purpose of producing beet sugar; that the beet sugar might be called a "crude vegetable substance" and that the beet pulp might be called a "by-product;" that the sugar beet ceases to be a "crude vegetable substance" when it goes through the process of manufacture; that the sugar becomes subject to the tariff law governing sugar, and that the pulp, not being a fit substance from which to make sugar and only fit to be used for some other purpose, is properly classified as "waste."

We think the importation should have been classified under paragraph 384 as "waste, not specially provided for."—Willits & Co. *v*. United States (11 Ct. Cust. Appls. 499; T. D. 39657); Darling & Co. *v*. United States (12 Ct. Cust. Appls. 86; T. D. 40023); Gallagher & Ascher *v*. United States, T. D. 39677 (G. A. 8661). It seems to us that the classification in the case at bar is clearly controlled by the case of Willits & Co., supra. There the merchandise was beef cracklings. It was shown that the refuse particles and scraps around the meat-packing houses in South America were cooked and the grease skimmed off, and that the residue was subjected to hydraulic pressure. The tanking process took from the cooked material the most valuable substance, grease, and left a waste which was used for chicken food. In the case at bar, from the ground beet is taken the juice from which sugar is made. The pulp residue is dried and ground and is used for cattle food. It is conceded that the article of commerce in this case is "waste," but it is contended by the importers that paragraph 552 covering "vegetable substances, crude and unmanufactured, not otherwise specially provided for," is more specific.

Appellants rely upon decisions of this court and the Board of General Appraisers, and in support of their position cite Magee & Co. et al. v. United States (4 Ct. Cust. Appls. 443; T. D. 33874), which held that scrap-rubber clippings or waste from the manufacture of rubber articles is classified as "crude India rubber," rather than as "waste." Also United States v. Johns-Manville Co. (5 Ct. Cust. Appls. 404; T. D. 34939), where clippings and shavings of cork were held, as "cork wood, unmanufactured," rather than as "waste."

It will be noted in the foregoing cases that in each instance "crude India rubber" and "cork wood, unmanufactured" were regarded as more specific than "waste." It will also be noted that the importation, in each instance, remained the same substance that it was before it went through the manufacturing process and had nothing removed from it.

In the case at bar the beet pulp is not the same material as the beet or as the ground beet. The paragraph claimed by the importers to cover the importation does not provide for ground beet pulp nor does it use similar words, but uses the general term "vegetable substances, crude or unmanufactured." The same situation prevails in T. D. 24717 (G. A. 5439), known as the ground ginger case. There, there was a specific provision for ground ginger. In T. D. 14705 (G. A. 2427), where cottonseed hulls were held to be a "crude vegetable substance," there was no competing claim of "waste." The same is true in T. D. 14739 (G. A. 2461), which held "mustard dross," or hulls from mustard seed, as a "crude vegetable substance." The same situation prevails in T. D. 14836 (G. A. 2519), where tonka-bean crystals were held to be a "crude vegetable substance," and it was also the same situation that confronted the Board of General Appraisers in T. D. 16228 (G. A. 3107), where oat chaff was held to be a "crude vegetable substance."

In T. D. 27866 (G. A. 6526), relied upon by the importers, certain sawdust was assessed for duty as "waste," but was by the board held to be free as "articles in a crude state used in dyeing or tanning." It is clear in that case that the latter classification is more specific than the former, but it is in no sense similar to the case at bar.

In T. D. 28070 (G. A. 6573) certain mill buttings or deal ends, imperfect pieces cut off from lumber, were held to be "waste" in fact, but to be more specifically provided for as "pulp wood." A casual glance at the case indicates that the classification here was on account of the use to which the wood was put, and that the proof shows that the ends were used for "pulp wood."

In United States v. Furuya (7 Ct. Cust. Appls. 495; T. D. 37109) dried seaweed in the form of thin sheets was held to be seaweed "crude or unmanufactured" rather than a "vegetable substance."

It was not contended that the importation was "waste" because nothing had been taken from it, and this case supports the classification of the collector in the case at bar rather than the contention of the importers.

The judgment of the Board of General Appraisers is *affirmed.*