(C. D. 809)

MARY G. RICKS *v*. UNITED STATES

United States Customs Court, Third Division

(Decided October 15, 1943)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale* and *Richard H. Welsh*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This action involves certain importations from Mexico of barley bran. Duty was assessed thereon at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. The plaintiff claims that the merchandise is dutiable under paragraph 730 by virtue of the trade agreement with Canada, T. D. 49752, at 5 per centum ad valorem as

byproduct feeds obtained in milling wheat or other cereals, to wit, barley. By way of amendment of the protest it is further claimed that the merchandise is a waste, and as such, properly dutiable under paragraph 1555 and the trade agreements with Canada and the United Kingdom, T. D. 49752 and T. D. 49753, at 7½ per centum ad valorem. At the trial of this case it was stipulated and agreed between counsel for both sides as follows:

1. That the record in the case of *Mary G. Ricks* v. *United States*, C. D. 535, may be incorporated and made a part of the record herein.

2. That the protest be deemed submitted on this stipulation.

3. That the plaintiff may have 60 days from March 1, 1942, for the filing of its brief and the defendant may have 30 days thereafter for the filing of its brief.

4. That the right to further amend and the first docket call are hereby waived.

The evidence in the *Ricks* case, *supra,* discloses that the merchandise there was made up of barley screenings, including short straws, broken or small barley grains, chaff including the beards, various foreign seeds, screenings of malt grains, and malt sprouts, all of which had been mixed together and ground into a meal, and presenting the appearance of a mixture of bran and shorts ground together with screenings of grain and containing husks and small broken grains, as well as coarse meal and fine particles. The evidence further discloses that the ground material is sold in the United States under the name of barley bran feedstuffs and is used as a feedstuff in its imported condition for the feeding of animals and has no other use.

In that case the court held that the product was not dutiable directly as a mixed feed or as a byproduct feed under authority of the holding of our appellate court in *United States* v. *Myers* (29 C. C. P. A. 34, C. A. D. 168); and that there was not a similitude of material either with byproduct feeds or mixed feeds, citing *Tower* v. *United States* (25 C. C. P. A. 408, T. D. 49486), and also because the similitude rule was not applicable for the reason that said provisions of the act excluded classification thereunder by similitude.

The paragraphs of the law before us under the claims and arguments of the parties hereto provide as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1555 [amended as to rate by T.D. 49752 and T.D. 49753]:

| | Rate changed | Modified rate |
|---|---|---|
| 1555 Waste, not specially provided for | 10% ad val. | 7½% ad val. |

PAR. 730. Bran, shorts, by-product feeds obtained in milling wheat or other cereals, 10 per centum ad valorem; hulls of oats, barley, buckwheat, or other grains, ground or unground, 10 cents per one hundred pounds; dried beet pulp, malt sprouts, and brewers' grains, $5 per ton; soy bean oil cake and soy bean oil-cake meal, three-tenths of 1 cent per pound; all other vegetable oil cake and oil-cake meal, not specially provided for, three-tenths of 1 cent per pound; mixed

feeds, consisting of an admixture of grains or grain products with oil cake, oil-cake meal, molasses, or other feedstuffs, 10 per centum ad valorem.

Par. 730 [amended as to rate by T.D. 49752]:

| | Rate changed | Modified rate |
|---|---|---|
| 730 Bran, shorts, by-product feeds obtained in milling wheat or other cereals. | 10% ad val. | 5% ad val. |
| 730 Hulls of oats, barley, buckwheat, or other grains, ground or unground. | 10¢ per 100 lbs. | 5¢ per 100 lbs. |
| 730 Malt sprouts and brewers' grains_____ | $5 per ton | $2.50 per ton. |
| 730 Mixed feeds, consisting of an admixture of grains or grain products with oil cake, oil-cake meal, molasses or other feedstuffs. | 10% ad val. | 5% ad val. |

The plaintiff contends that as the merchandise is a byproduct of the malting process, consisting of the refuse therefrom which has been ground, it comes directly under the definitions of waste as announced by the courts. (Citing *Patton* v. *United States*, 159 U. S. 500; *Latimer* v. *United States*, 223 U. S. 501; *Gudewill & Bucknall* v. *United States*, 142 Fed. 214; *Willits* v. *United States*, 11 Ct. Cust. Appls. 499, T. D. 39657; *Steeb* v. *United States*, Abstract 26889; and *Koons, Wilson & Co.* v. *United States*, 12 Ct. Cust. Appls. 418, T. D. 40589.) The plaintiff relies particularly upon the *Koons Wilson* case. As to such contention the Government urges that the merchandise is not a waste because, after reaching that state, it had been advanced in condition by grinding, and therefore came within the provisions of paragraph 1558 as a nonenumerated manufactured article. The Government relies specially upon the decision of *United States* v. *Geo. S. Bush & Co. (Inc.) et al.* (16 Ct. Cust. Appls. 406, T. D. 43131).

The plaintiff in a supplemental brief contends that the decision of our appellate court in *Corporacion Argentina De Productores De Carnes* v. *United States* (29 C. C. P. A. 288, C. A. D. 204) has completely changed the construction of paragraph 730, as announced by this court in the *Mary Ricks* case, *supra*, by permitting the application of the similitude clause, and therefore the issue as to whether or not the imported product is dutiable by similitude to a mixed feed is no longer *res adjudicata*, and the question again arises whether the barley bran feedstuffs is "substantially similar in material, or texture, or quality, or use, to the mixed feeds or byproduct feeds, provided for in paragraph 730, as amended."

In its similarity to mixed feeds, plaintiff argues that the only test as to its use, announced by the courts, is whether or not the article is fit for use without further manufacture in its imported condition (citing *Walter Johnson* v. *United States*, 21 C. C. P. A. 129, T. D. 46464), and as the evidence before the court establishes that the imported article is used in its imported condition as a balanced ration for cattle without anything further being done to it, a similarity of

quality and use has been shown, and that being ground into a flour it is similar in texture.

The plaintiff further argues that the product here bears a similitude to "byproduct feeds obtained in milling cereals" because, being barley, a cereal, it is similar in material; that as it is a flourlike bran, it is similar in texture; that being highly regarded as a feedstuff, it is similar in quality; and that because it is used as a cattle feed, it bears a similitude of use.

The Government's reply brief is devoted entirely to answering plaintiff's argument that the instant product is dutiable either directly or by similitude to mixed feeds. However, the only claim appearing in the protest other than that the merchandise is dutiable as a waste is that it is dutiable under pargaraph 730 "as byproduct feeds obtained in milling wheat or other cereals, to wit: barley." In this connection it may be observed that the memorandum sent by the collector to the appraiser to ascertain the reasons for his advisory classification, elicited the following reply:

The merchandise is identical with that which is the subject of T. D. 48273. It is not a byproduct of milling. It is obtained by grinding barley which is unfit for malting purposes with barley sprouts and malt screenings.

The sufficiency of a protest in pointing out the claims relied upon in a paragraph, when the paragraph includes more than one class of merchandise, was ruled upon by our appellate court in the case of *Larzelere & Co.* v. *United States*, 8 Ct. Cust. Appls. 64, T. D. 37198. Three protests were there involved. Two of them claimed the imported product free of duty as crude artificial abrasive, and the third as corundum or as crude artificial abrasive. The paragraph in question provided free entry for "Emery ore and corundum, and crude artificial abrasives." The court found that the merchandise was in fact corundum but held that the two protests claiming the article to be crude artificial abrasive were insufficient to embrace corundum, although both substances were named in the same paragraph and both were free of duty. In its opinion the court stated:

The infirmity in the present protests is that while both of them point out the paragraph under which a more general claim might perhaps be made, they go further and direct the attention of the collector to a distinct claim, namely, that this importation is dutiable as a crude artificial abrasive. This excludes the idea that it is dutiable as corundum. When the collector examines that importation and finds that the article is not in fact a crude artificial abrasive, the protest is sufficiently answered, and there is no reason for reliquidation. The essential, minute description of these goods is that they constitute a crude artificial abrasive. The claim that they are dutiable as corundum in the form in which this importation appears is not only not included in this protest *but is wholly inconsistent therewith.*

In *Raybestos Manhattan, Inc.* v. *United States* (27 C. C. P. A. 340, C. A. D. 109), in a similar situation, the court found nothing in the

protest or in any official document to advise the collector that the appellant made any claim other than that the merchandise consisted of metacresol 90 per centum pure, and the protest was held insufficient to support the contention that the merchandise was dutiable under paragraph 27 (b) as cresylic acid. The court pointed out that the test to be applied in each case is:

Does the protest, reasonably construed, distinctly and specifically set forth the reasons for the importer's objection to the liquidation by the collector?

In the case before us there is nothing appearing in the protest to advise the collector that the importer is claiming his classification erroneous because it is a mixed feed, and a reasonable construction of the protest would not admit of such interpretation. Inasmuch as the claim that the merchandise is dutiable as a mixed feed is not here before us, it will not be considered.

Considering first whether or not the imported material is classifiable as "byproduct feeds obtained in milling cereals" either directly or by virtue of the similitude clause in paragraph 1559, this court held in the *Mary G. Ricks* case, *supra*, under authority of *Forrest* v. *United States* (2 Cust. Ct. 425, C. D. 169) and *United States* v. *Myers* (29 C. C. P. A. 34, C. A. D. 168) that merchandise identical therewith was not directly so dutiable; also, under authority of *Tower* v. *United States* (25 C. C. P. A. 408, T. D. 49486), where the court stated that there is not much similarity between a byproduct stock or poultry feed such as bran and a mealy material made by grinding a mixture of oats, barley, wheat, and certain impurities. The court further regarded the fact that both are fed to stock as insufficient to apply a similitude of use, and any similitude of texture and quality was insufficient for the application of the similitude rule.

Here we have a mixture of barley, malt, malt sprouts, screenings, and impurities, ground together, and such mixture is used in its imported condition to feed to cattle. As held in the *Mary G. Ricks* case, similarity of material, quality, texture, or use has not been established. As the appellate court in *Corporacion Argentina, supra*, had before it only a question of similitude to mixed feeds, that decision has no application to the question here before us. The decision in the *Mary G. Ricks* case, *supra*, is "*stare decisis*" as to the contention that this product is classified as a byproduct feed either directly or by similitude and is determinative of that issue.

In considering whether or not the imported material is classifiable as a waste product, and reviewing the decisions and authorities relied upon, it is noted that in the *Patton* and *Latimer* cases, *supra*, the Supreme Court laid down general principles covering waste materials as including refuse thrown off in the process of manufacture and remnants and byproducts of small value that do not possess the

quality or utility either of the finished product or of the raw material. The *Gudewill* case, it will be observed, held that the refuse obtained in trimming cork bark was waste when ground, because the grinding thereof was undertaken solely for the purpose of putting the product in a more convenient form for shipping purposes, and, the material was required to be further processed before it was prepared for its destined use. The *Willits* case involved cracklings, a waste from the meat-packing industry and was in the form of large compacted cakes just as they came from the press. Also the *Steeb* case involved cracklings imported in the same condition as taken from the rendering presses, the court holding the product to be waste and not further advanced by additional processes. The *Koons Wilson* case involved dried beet pulp, the residue from the grinding of sugar beets to extract the sugar. The plaintiff here cited a statement made by our appellate court in its decision, to wit, "The pulp residue is dried and ground and used for cattle feed." From such statement of the court, it is contended that the product herein, a ground waste, should be classified as a waste, because it is in like condition to the dried beet pulp there imported. In the decision below in that case, reported in Abstract 46864, Judge Adamson, speaking for the court, stated:

> The witness described the process of its production as follows: After the manufacture of the beet sugar the residue or pulp that remains is dried and sacked.

A reference to the evidence therein also indicates that the product was imported in its crudest form. Nowhere therein was there anything to indicate that the beet pulp had been ground. Apparently therefore, the appellate court was referring to a processing occurring after importation. However the *Koons Wilson* case is not now an authority for classifying a ground, unsought byproduct as waste. In a later pronouncement of the court (*United States* v. *Bush, supra*) certain dogfish cakes, the residue remaining after extraction of oil, were held dutiable as a waste, while dogfish cake meal, resulting from the grinding of the cakes was held to be dutiable as a nonenumerated manufactured article, the court stating: "The meal is a waste, manufactured."

Upon authority of the *Bush* case, plaintiff's claim that the barley bran herein is dutiable as a waste is overruled.

For the reasons stated and upon authority of the decisions cited, judgment will be entered in favor of the Government.