BEFORE THE THIRD DIVISION, JUNE 1, 1949

No. 53220.—National Carloading Corp. *v.* United States, protest 134483–K (B) (New York).

JOHNSON, Judge:   This action involves the collector's assessment of duty upon an importation from Haiti of 60 bales of sisal fiber waste.   As the collector found that colored and natural fibers were mingled together, he classified the commodity as a nonenumerated manufactured article under the provisions of paragraph 1558 of the Tariff Act of 1930, providing duty at the rate of 20 per centum ad valorem. The plaintiff claims that the sisal fiber is free of duty as such under paragraph 1684, or, if dutiable, it is properly dutiable as waste at 7½ per centum ad valorem under paragraph 1555, as amended by the trade agreement with the United Kingdom, T. D. 49753.

At the trial M. E. Schoen, president of the M. E. Schoen Corp., the actual importer of the merchandise, testified that when he was in Haiti in April 1946, he visited the factory of Robert C. Etienne & Co., the shipper of the goods, manufacturers of sisal shoes and sisal bags.   The witness saw a pile of fiber all jumbled up in a corner, which he agreed to purchase providing the manufacturer put it up in bales.   The witness described this material as residue fiber produced in the following manner:

Sisal is a natural growth and consists of a leaf.   The leaf is decorticated by hand, by hacking.   The leaf is shaped like a sword and the natives hackle these leaves to obtain the fiber.   In the process, pieces of sisal fiber fall off, a lot of it becomes crumpled, and when the fibers are combed, pieces break off or become twisted so that they cannot be used in the manufacture of shoes and bags.   This material is all discarded and swept into the corner of the factory.

The witness further testified that in the process of the manufacture of the shoes and bags, the part trimmed off is also discarded.   The dyed portion of the fiber represents the remainder after combing the fibers as they are dyed before combing, and these dyed portions of the shipment are curled pieces that cannot be straightened out for use in manufacturing either shoes, bags, or brushes.

The evidence is uncontradicted that the fiber in its imported condition is not suited for any use other than as stuffing for furniture, mattresses, and the like, and that it is entirely unsuited for the ordinary uses of sisal fiber.

The plaintiff contends that the merchandise is free as sisal, not dressed or manufactured in any manner, and not specially provided for, or that it is a waste, in that the fibers are of random lengths, of various colors, and curled or crumpled, and not suitable for any use to which sisal fiber is ordinarily.put.

The Government contends that the commodity is not entitled to free entry as sisal fiber, undressed and unmanufactured, because a large portion thereof is dyed, and that dyeing processes have long been held to be manufactures. It is further contended that the importation in question is not a waste because in its imported condition it is susceptible of use for stuffing purposes, citing *Patton* v. *United States*, 159 U. S. 500.

We are of the opinion that the commodity in question is excluded from the description in duty-free paragraph 1684, to wit, "sisal * * * not dressed or manufactured in any manner, and not specially provided for," for the reason that it contains commingled with the natural product various colored pieces of sisal. The process of dyeing has long been held to be a process of manufacture. See *In re William Wilkens & Co.*, G. A. 1639, T. D. 13218. The case of *T. E. Ash* v. *United States*, 64 Treas. Dec. 279, T. D. 46646, relied upon by the plaintiff in that respect, is not in point for the reason that the jute card waste in question in that case was not dyed or colored.

The court is of opinion, however, that the evidence establishes without contradiction that the product is a residue resulting from the manufacture of sisal fiber into shoes and bags, and that in its imported condition it is not suitable for use for the purposes for which sisal fiber is ordinarily suitable.

A waste material is not precluded from classification as a waste merely because it may be used in its imported condition without being subjected to further manufacture after it reaches this country. That rule prevails only in case a waste product has been partially advanced in condition as in the case of *United States* v. *Tower*, 17 C. C. P. A. 90, T. D. 43427. There, pine shavings, intermingled with a small amount of ordinary sawdust, were put through a grinding machine, thus being reduced to a form much resembling ordinary coarse sawdust. The product was held to be a waste upon it being established that the raw material was thus treated to facilitate transportation, and that after importation it was ground into a fine flour known as wood flour, and therefore the treatment abroad did not advance the raw material for the purpose of making wood flour. As a matter of fact, the imported product before us meets the definition of a waste as announced by the Supreme Court in the case of *Patton* v. *United States, supra*. It is not susceptible of being used for the ordinary purposes of manufacture. It is also unmerchantable as sisal fiber, and is used for purposes for which merchantable material of the same class is unsuited in that the price thereof would be prohibitive if sisal fiber were used as stuffing for mattresses. In *Cia. Algodonera* v. *United States*, 23 C. C. P. A. 42, T. D. 47686, the court, in holding cottonseed hulls properly dutiable as waste, stated:

* * * The cottonseed hulls are a by-product of the oil mills, necessarily produced in such oil mill operations. The fact that they are a valuable product, and are a distinct commercial entity, does not militate against the view that they are, in a tariff sense, waste.

For the reasons stated judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and assess duty upon the sisal waste in question at the rate of 7½ per centum ad valorem under paragraph 1555, as amended, as claimed, and make refund of all duties taken in excess.