## LATIMER *v.* UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 151.   Submitted January 15, 1912.—Decided February 19, 1912.

Congress, in framing a tariff law, will be presumed to use words of a
    former tariff law as having the same meaning which this court has
    already given to them.

This court, having held that "unmanufactured tobacco" as used in
    the Tariff Act of 1883, included sweepings of factories and ware-
    houses used after importation in manufacturing cigarettes and
    stogies, the same meaning will be given to the same words as used
    in the Tariff Act of 1897. *Seeberger* v. *Castro*, 153 U. S. 32.

"Waste" as used in a tariff act generally refers to remnants and
    by-products of small value that have not the quality or utility either
    of the finished product or of the raw material. "Scrap" does retain
    the name and quality. *Patton* v. *United States*, 159 U. S. 503.

5 Porto Rico Fed. Rep. 138, affirmed.

THE facts, which involve the classification of tobacco
scraps under the Tariff Act of 1897, are stated in the
opinion.

*Mr. Walter F. Welch*, with whom *Mr. Edward S. Hatch*
was on the brief, for appellant:

The merchandise involved in this suit is waste.

Merchandise is classifiable for the purposes of duty in
its condition as imported. *Worthington* v. *Robbins*, 139
U. S. 337; *Dwight* v. *Merritt*, 140 U. S. 219; *United States*
v. *Schoverling*, 146 U. S. 82. It is not, therefore, a fact
material to the classification of this merchandise that
there are recoverable portions of it suitable, when re-
covered, for making cheap stogies.

All waste has a value through the recovery from it of
more or less valuable constituents. A levy of ten per

cent. ad valorem on waste under the Tariff Act presupposes that waste materials are valuable.

Whether this waste is properly classifiable as waste or as tobacco unmanufactured has never been authoritatively decided. *Seeberger* v. *Castro*, 153 U. S. 32, did not decide that a tariff provision for unmanufactured tobacco is more specific than a provision for waste. See *United States* v. *Baversdorfer*, 126 Fed. Rep. 732.

The *Seeberger Case* is not an authority on the issue now here for determination and is not binding in deciding this case.

This court does not review, upon a writ of error, errors of law which do not appear of record or by bill of exceptions. *Clausen* v. *United States*, 142 U. S. 140; *Kreshower* v. *United States*, T. D. 27,826; *Sears-Roebuck & Co.* v. *United States*, T. D. 32,055.

A decided case, holding goods dutiable under a particular paragraph of a tariff act, is not binding in a later case which raises an issue as to the applicability of a paragraph not drawn to the attention of the court nor discussed in the decided case relied on.

The merchandise is more specifically provided for as "waste" than as "tobacco unmanufactured."

As the issue stated in this point has never been decided by any court previous to the decision of the court below herein, the question is open whether these tobacco sweepings are more appropriately classifiable and dutiable as "waste" than as "tobacco unmanufactured." *Brennan* v. *United States*, 136 Fed. Rep. 743.

The rule applied by the board in the case of cork bark waste, marble waste, ramie waste, jute waste and mica waste, should be applied equally to tobacco waste. *United States* v. *Reiss*, 136 Fed. Rep. 741; *Nairn Linoleum Co.* v. *United States*, 142 Fed. Rep. 214; T. D. 16,324, G. A. 3153; T. D. 23,347, G. A. 5017; T. D. 23,637, G. A. 5115; T. D. 28,050, abstract, 14,869; T. D. 31,739, G. A. 7242.

All doubtful questions must be resolved favorably to the importer. *Hartranft* v. *Wiegman,* 121 U. S. 609, 616; *Powers* v. *Barney,* 5 Blatchf. 202.

*Mr. Assistant Attorney General Wemple* for the United States.

MR. JUSTICE LAMAR delivered the opinion of the court.

In the process of manufacturing and handling tobacco small pieces are broken from the brittle leaves and fall to the floor of the warehouse or factory. These scraps are not treated as worthless, but are swept up, and, when cleaned, are used in the manufacture of a cheap grade of cigarettes and stogies.

The plaintiff in error shipped to Porto Rico a quantity of these sweepings, and the question arose as to whether the shipment was dutiable at 10 per cent. ad valorem as "waste, not specially provided for in this Act," under § 463 of the Tariff Act of 1897; or, at 55 cents a pound as "tobacco, manufactured or unmanufactured," under § 215 of the same statute. (30 Stat. 194, 169.) The customs officer classed it as "unmanufactured tobacco," and required the payment of a duty of 55 cents a pound. The importer protested and a case was made to test the question. On appeal the General Board sustained the collector. It was affirmed by the District Court of Porto Rico, and to reverse that judgment the importer has brought the case here.

There has been some difference of opinion as to the proper classification of scrap tobacco under the various tariff acts. In *United States* v. *Schroeder,* 93 Fed. Rep. 448, a higher grade of scrap was held to be "waste" within the meaning of the Tariff Act of 1890. In *Seeberger* v. *Castro,* 153 U. S. 32, it was decided that the clippings from the ends of cigars were dutiable as unmanufactured tobacco under the Tariff Act of 1883.

The plaintiff claims that this decision has no application here, because it related to clippings which were of a higher grade than scrap, and for the further reason that, as the importer there made no claim that it should be taxed as waste, the court did not pass on that question. But it did definitely decide that such material, by whatever name called, was "unmanufactured tobacco."

The words, having received such a construction under the act of 1883, must be given the same meaning when used in the Tariff Act of 1897, on the theory that, in using the phrase in the later statute, Congress adopted the construction already given it by this court. *United States* v. *Baruch*, this day decided, *ante*, p. 191. That such was the intention of Congress appears further from the fact that the duty of "10 per cent. ad valorem on waste" is found in "Schedule N—Sundries." The word as thus used generally refers to remnants and by-products of small value that have not the quality or utility either of the finished product or of the raw material. *Patton* v. *United States*, 159 U. S. 500, 503. But the scrap here involved retains the name and quality of tobacco. It is tobacco, and as such it is used for making cigarettes and stogies. It was therefore taxable under Schedule F, which fixes the duty on tobacco in all its forms—manufactured or unmanufactured. The judgment is therefore

*Affirmed.*