UNITED STATES *v.* HENDERSON (No. 1222).[1]

SILVER SWEEPINGS.

> The merchandise is sweepings of silver contained in sawdust, and it is imported so that the silver content may be reclaimed. It falls clearly within paragraph 643, tariff act of 1909, providing free entry for "sweepings of gold and silver."

United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32848 (T. D. 33591).

[Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Henry H. Childers*, special attorney, on the brief), for the United States.

*Comstock & Washburn* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The tariff act of 1909, paragraph 643, provides free entry for "ores of gold, * * * sweepings of gold and silver." Paragraph 479 of the dutiable section of that act prescribes a rate of 10 per cent ad valorem upon "waste, not specially provided for in this section, * * *." M. Henderson imported at the port of Niagara Falls, during the year 1912, 19 barrels of merchandise, which was entered by him as silver sweepings, entitled to free entry under the provisions of paragraph 643 aforesaid. The collector of customs at that port rated it for duty as waste not specially provided for under said paragraph 479. The importer protested and the Board of General Appraisers sustained the protest. This is an appeal by the Government from that decision of the Board of General Appraisers.

There is no serious question of commercial designation in the record. The decision of the Board of General Appraisers recites all the facts of the case:

> These sweepings come off in buffing silver, and the buff wheels collect a quantity of the silver. A barrel of the sweepings examined contained sawdust, with a solution of silver sweepings saturated and mixed through it. Sawdust is scattered on the floor to pick up the silver. The witness was a silver and gold refiner and manufacturer of sterling silver and fine silver products. The only thing of value is the particles of silver in the sawdust.

---

These facts made apparent by the record as thus recited by the board are not seriously controverted. There is nothing in the record showing a commercial designation applicable to the imported merchandise or other meaning than as embraced within the natural signification of the words of the statute. The signification of those words as naturally suggested to the mind are in accord with the lexicographic definitions of the same. Thus in the Standard Dictionary "sweepings" are defined as follows:

The refuse from the floors of an establishment in which precious metals are worked or handled, preserved to reclaim particles of gold or silver.

Knight's American Mechanical Dictionary (Vol. III) defines "sweep washings" as follows:

The refuse of shops in which gold and silver are worked. These metals are separated by mechanical means and amalgamation.

Webster's Dictionary defines "sweepings" as follows:

The sweepings of workshops where precious metals are worked, containing filings, etc.

While there may be some rubbish or refuse in which this silver is lodged which otherwise might be characterized as waste, this importation, however, is precisely within the definitions of that class of waste made free by paragraph 643, *supra*. The record is uncontradicted that the only valuable content of the importation is the silver. The merchandise is imported in order that its silver content may be reclaimed. It is in perfect harmony, therefore, with the provisions of the free list making ores of gold and silver free (paragraph 643) that sweepings containing a silver content should be made free.

*Affirmed.*