MAWER-GULDEN-ANNIS (INC.) *v.* UNITED STATES (No. 3210)[1]

United States Court of Customs and Patent Appeals, November 4, 1929

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument October 17, 1929, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of imperfect or broken green olives, imported in casks in brine and used to make garnishing or sandwich

---

[1] T. D. 43689.

material, was assessed for duty by the collector at the port of New York as olives, pitted or stuffed, at 30 cents per gallon under paragraph 744 of the Tariff Act of 1922, which reads as follows:

PAR. 744. Olives in brine, green, 20 cents per gallon; ripe, 20 cents per gallon; pitted or stuffed, 30 cents per gallon; dried ripe olives, 4 cents per pound.

The importer protested, claiming the merchandise to be dutiable as waste at 10 per centum ad valorem under paragraph 1457, which reads as follows:

PAR. 1457. Waste, not specially provided for, 10 per centum ad valorem.

Merchandise of this same character was before this court in the case of *Costogue et al.* v. *United States*, 15 Ct. Cust. Appls. 55, T. D. 42152.

On the trial below the record in the *Costogue* case was submitted in evidence. It appears therefrom that the flesh of the olives was broken in pitting and stuffing processes; that the olives are not salable as perfect pitted or stuffed olives; and that they are used for making garnishing or sandwich material. Upon this record the court below overruled the protest and judgment was entered accordingly.

In the *Costogue* case, as here, the merchandise was assessed for duty by the collector as pitted or stuffed olives under paragraph 744. The importer claimed that it was dutiable as vegetables cut, sliced, etc., under paragraph 773, or, alternatively, as "Olives in brine, green," at 20 cents per gallon under paragraph 744, *supra*. We there held that the merchandise was not dutiable under either of the provisions claimed by the importer and, accordingly, affirmed the judgment of the court below affirming the collector's classification. After describing the merchandise somewhat in detail, this court there said:

All the imported goods are edible and nutritious to the same degree as perfect pitted or stuffed green olives. However, on account of their appearance, they are not salable in the United States as such, but are either mixed with mayonnaise or other materials and put on the market as a garnishing or sandwich material, or are sold to manufacturers by the importers for similar manufacturing purposes.

It is now claimed by counsel for appellant that the merchandise is dutiable as waste under paragraph 1457. This claim was not made in the *Costogue* case.

The question of what constitutes "waste" was before the Supreme Court in the cases of *Patton* v. *United States*, 159 U. S. 500, and *Latimer* v. *United States*, 223 U. S. 501.

In the *Patton* case the Supreme Court said:

The prominent characteristics running through all these definitions is that of refuse, or material that is not susceptible of being used for the ordinary purposes of manufacture. It does not presuppose that the article is absolutely

worthless, but that it is unmerchantable and used for purposes for which merchantable material of the same class is unsuitable.

In the *Latimer* case it was said:

The word as thus used generally refers to remnants and by-products of small value that have not the quality or utility either of the finished product or of the raw material.

In the case of *Willits & Co.* v. *United States,* 11 Ct. Cust. Appls. 499, T. D. 39657, this court, in holding that certain beef cracklings were waste, quoted the above excerpts from the *Patton* and *Latimer* cases and said:

The imported article, in fact, is refuse which is left over in the meat-packing industry; it is a material which is not susceptible of being used in the ordinary operations of a packing house; *it is a final residuum remaining after all of the valuable elements for packing purposes have been extracted from it;* it is not an article which is sought or purposely produced as a by-product in the industry; to the contrary, it is reduced in quantity to the lowest possible minimum as an unsought residuum; *it has lost the quality and utility of meat both as a raw material and as a finished product, and the use to which it is finally put is foreign to the ordinary use of either raw or preserved meat.* The article, furthermore, was not processed after it became a waste, as in the case of *Malouf* v. *United States,* 1 Ct. Cust. Appls. 437; T. D. 31502. *These incidents serve to distinguish the present case from those relating to materials which, while low grade, nevertheless continue to possess the characteristics of their original estate,* as in the cases above cited, and also from those relating to valuable by-products which are designedly sought as desirable subsidiary products in manufacturing operations. [Italics ours.]

Applying these definitions and principles to the case at bar, it is obvious that the imported merchandise is not waste. It is true that the olives have been broken or split in the pitting and stuffing proccesses; that they are not salable as perfect or whole pitted or stuffed olives; and that, after importation, they are chopped into small pieces, mixed with mayonnaise or other materials for use as a garnishing or sandwich material, and sold as "olive meat" or "olive butter." The merchandise may be commercially inferior to perfect or whole pitted or stuffed green olives, nevertheless, it possesses the same food qualities and some of the uses of whole pitted green olives. It is not a residue from which all of the valuable elements have been extracted. On the contrary, as we said in the *Costogue* case, "it is edible and nutritious to the same degree as perfect pitted or stuffed green olives." It does not, therefore, come within the definitions of waste.

For the reasons stated the judgment is *affirmed.*