EASTMAN KODAK CO. *v.* UNITED STATES (No. 4175)[1]

[1] C. A. D. 35.

United States Court of Customs and Patent Appeals, January 23, 1939

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* (*Edward I. Cristy* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney, of counsel), for the United States.

[Oral argument December 8, 1938, by Mr. Cristy and Mr. McGrath]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, overruling three protests against the classification by the Collector of Customs of certain merchandise as "waste, not specially provided for," under paragraph 1555 of the Tariff Act of 1930, duty being taken at the rate of 10 per centum ad valorem.

The importer claims the merchandise to be free of duty as sweepings of silver under paragraph 1734 of the said tariff act.

The paragraphs in question are as follows:

PAR. 1555. Waste, not specially provided for, 10 per centum ad valorem.

PAR. 1734. Ores of gold, silver, or nickel; nickel matte; nickel oxide; ores of platinum metals; sweepings of gold and silver.

The merchandise, a portion of which is in evidence as an exhibit, is a fairly hard, dark grey, rock-like substance. Two witnesses testified for the importer. The Government presented no evidence.

It appears that the imported merchandise is derived from the cleansing of certain rooms and utensils of the Canadian Kodak Co., Ltd., in Canada, and is described as "sludge." While the record is so meager that we are unable to learn just what work is done at the plant of the Canadian company, it appears that sensitized products are made in said plant, using an emulsion which contains a form of silver.

It seems here, that in applying the emulsion to certain articles, some of it is dropped or splashed upon the floor and benches of the rooms, and some adheres to utensils in which the emulsion is made. In order to recover silver from the wasted emulsion, the said rooms, benches and utensils are swept, scraped, and washed with water. The water, containing the material thus acquired, is run into pits. The solid matter sinks to the bottom of the pits, and is afterwards transferred to open evaporation bins until it is practically free from water. It is then quite hard and solid, and is broken into pieces. It is shipped in this condition, in iron drums, to the plant of the Eastman Kodak Co., at Rochester, N. Y. There it goes through a smelting process, by which the silver content is recovered in the form of metal silver.

The issue is whether the "sludge" is properly duty free under paragraph 1734 as sweepings of silver or dutiable as "waste, not specially provided for" under paragraph 1555, as classified by the collector.

There is no question but that there is silver in the imported merchandise, and we think it reasonably clear that the record discloses the silver to be some form of silver salts. If the "sludge" is determined not to be sweepings of silver, we are of opinion that it is clearly "waste, not specially provided for." We hold, upon this record, that it is not sweepings of silver. It is waste emulsion, mixed with dirt, valuable, of course, for its silver content, but, nevertheless, a refuse from the process of manufacturing sensitized materials. It is not material susceptible of being used for the ordinary purposes of manufacture and it has not the quality or utility, either of the finished product, or of the raw material. See *Patton* v. *United States*, 159 U. S. 500, 503, and *Latimer* v. *United States*, 223 U. S. 501, 503.

Appellant, in its brief, contends that the case of *United States* v. *Henderson*, 5 Ct. Cust. Appls. 62, T. D. 34097, and the case of *Handy & Harman* v. *United States*, T. D. 36924, 32 Treas. Dec. 9, support its claim that the merchandise is properly dutiable as sweepings of silver. We cannot agree with this contention. Nor is it necessary unduly to lengthen this opinion by any extended discussion of those cases. Their effect upon the issue here is as fully applicable as it is in the *Eastman Kodak Co.* case, 26 C. C. P. A. (Customs) 315, C. A. D. 34, in which they are thoroughly analyzed and applied to the issue there. Let it suffice to state that in both the said authorities, cited by appellant, the imported merchandise had its origin in places of manufacture where precious metals were being worked or handled.

Applying the governing principles, as set forth in our opinion in the case of *Eastman Kodak Co.*, *supra*, we agree with the United States Customs Court that the imported merchandise was properly classified by the collector as "waste, not specially provided for," under paragraph 1555 of the Tariff Act of 1930. The judgment is *affirmed*.