(C. D. 1550)

SOUTH AMERICAN MINERALS & MERCHANDISE CORPORATION *v.*
UNITED STATES

United States Customs Court, Third Division

(Decided October 22, 1953)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This case involves an importation of merchandise, described on the invoice and entry as "silver bearing sweepings," from Peru. The collector of customs at the port of entry assessed duty thereon at the rate of 4 per centum ad valorem under the provisions of paragraph 1555 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), as waste, not specially provided for. Plaintiff claims that the merchandise is properly free of duty as sweepings of silver under paragraph 1734 of said tariff act.

At the trial, plaintiff introduced the testimony of the chief chemist of the purchaser of the merchandise in this country, the Irvington Smelting and Refinery Co., refiner of precious metals and manufacturer of copper sulphate. The witness described his duties with said company by stating that he has charge of the laboratory in which analyses are made of all materials that enter the plant, to determine their value. He stated that he has been familiar with the article known as sweepings for 23 years and defined "sweepings" as:

* * * sweepings are residues from, usually from the manufacture of jewelry, bits of metals which chip off on to the floor. You often find it in divided form and are swept up together with combustible material. And that's what we term "sweepings."

He stated that after this particular lot of merchandise was received at the plant he inspected it and that it consisted of coarse material containing cigarette butts and pieces of newspaper. He described it as floor sweepings which had never been processed, stating that after importation it was burned and ground, the organic matter and the

moisture were driven off, and a sample of the residue was examined and analyzed for gold or silver. According to the testimony of the witness, the burning takes place at a temperature sufficient to burn the waste paper and like material but is not high enough to fuse any of the minerals together.

The witness admitted on cross-examination that particles of silver might be developed or lost during the course of manufacturing processes in the use of polishing wheels, fine grinding wheels used in a jewelry plant, but that he had no way of knowing whether the silver reclaimed in this case came from a jewelry establishment, a factory that silvers mirrors, or from a ceramics plant.

On redirect examination, he stated that this merchandise differed from jewelers' sweepings, which he had handled during his 23 years' experience, in that it had not been processed.

Counsel for plaintiff relies upon the case of *United States* v. *Henderson*, 5 Ct. Cust. Appls. 62, T. D. 34097, in support of its claim. There, the evidence disclosed that the sweepings involved were the result of buffing silver where "the buff wheels collect a quantity of the silver." The court quoted the definitions of "sweepings," as found in the Standard Dictionary and Knight's American Mechanical Dictionary, and held that the importation fell precisely within the definitions of that class of waste designated as sweepings of gold or silver. It is noted that in the case relied upon the origin of the sweepings was disclosed by the record. The case before us is distinguishable in that here the record is silent as to the origin of the merchandise.

The *Henderson* case, *supra*, was cited and discussed in the later case of *Eastman Kodak Co.* v. *United States*, 26 C. C. P. A. (Customs) 315, C. A. D. 34, cited by the Government in support of its position. In the last-mentioned case, the court had before it a commodity, consisting of bales of sensitized photographic paper scrap, made up of trimmings, clippings, and rejected sheets, the paper containing a coating of an emulsion of silver. The court held that the commodity was not "sweepings of silver" under said paragraph 1734 but was properly dutiable as waste, not specially provided for, under paragraph 1555, Tariff Act of 1930. In arriving at that conclusion, our court of appeals, after quoting from the *Henderson* case, stated:

> We think it is clear from the foregoing that Congress intended that the term "sweepings of * * * silver" should be confined to sweepings of silver originating and collected in establishments where silver is worked or handled, and where the sweepings result from such work or handling.

> The clippings here involved were not the result of either working or handling silver. They resulted from the manufacture of sensitized paper which has a coating containing silver.

The evidence in the instant case falls far short of establishing that these sweepings originated or were collected in establishments where

silver is worked or handled. In fact, the only witness on behalf of the plaintiff admitted that he had no way of knowing whether the silver reclaimed in this case came from a jewelry establishment, a factory that silvers mirrors, or from a ceramics plant.

In the absence of evidence as to the origin of the instant merchandise, we find that the burden of proof has not been sustained by plaintiff. The claim for free entry as "sweepings of silver" under said paragraph 1734 is, therefore, overruled and the merchandise held properly dutiable as "waste, not specially provided for," under paragraph 1555, *supra*, as assessed.

Judgment will be rendered accordingly.