(C. D. 4573)

## MONTGOMERY WARD & Co. v. UNITED STATES

Court No. 72–1–00141

(Decided December 18, 1974)

*Barnes, Richardson & Colburn,* (*Irving Levine* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General (*John N. Politis,* trial attorney), for the defendant.

WATSON, Judge: The importation in dispute is described on the invoices as an "Airline AM/FM Stereo Phono 8 Track Assembly with

2 Speakers * * *." As imported it consists of a cabinet containing a radio and an 8-track tape player and two separate speakers. The top of the cabinet is cut to accommodate a record turntable which is added after importation. The imported article was classified as a radio-phonograph combination under item 685.30 of the Tariff Schedules of the United States, as modified by T.D. 68–9, and assessed with duty at the rate of 8% ad valorem.

Plaintiff makes two alternative claims for the imported article, the first as a machine not specially provided for or parts thereof pursuant to item 678.50 of the TSUS, as modified by T.D. 68–9 (dutiable at the rate of 6% ad valorem)', and the second as an electrical article or parts not specially provided for under item 688.40 of the TSUS, as modified by T.D. 68–9 (dutiable at the rate of 6.5% ad valorem). Defendant makes an alternative claim for classification under item 685.50.

The provisions under which the importation was classified (item 685.30) and under which defendant makes its alternative claim (item 685.50) are among those intended to specifically govern articles or combinations of articles set out in the heading immediately preceding item 685.10 which reads as follows:

> Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

The classification of the importation as a radio-phonograph combination was obviously incorrect. The sample of the importation and the testimony clearly establish that an 8-track tape player is a major part of the importation and a source of listening material of equal importance to the radio and phonograph portion. The tape player is manifestly not a subsidiary or auxiliary function and it is therefore incorrect to exclude it from consideration in classifying the importation. The importation is most certainly more than a radio-phonograph combination.

The defendant advances an alternative claim for classification of the importation pursuant to item 685.50 providing for "other" articles and combinations of articles of the type named in the above-quoted heading. This claim fails for the basic reason that a tape player is not an article described in the aforementioned heading. Since item 685.50 covers articles or combinations of articles only by reference to those described in the heading, it cannot logically be said to cover combination articles, one significant element of which is not within the scope of the descriptive language of the heading.

Defendant points out that, although tape players are not provided for by name in the superior heading under discussion, they perform

one function which is identical to that performed by a tape recorder; namely, that of playing material recorded on magnetic tape. I cannot, however, accept the reasoning by which this identity of a single function is sufficient to bring the tape player within the "ambit" of the heading. The ambit of this provision is no greater than the ambit of its language. In other words, I fail to see how the "ambit" of a provision which covers certain named articles or combinations thereof can be greater than the individual "ambits" of the articles it names or their possible combinations. To say that the combination articles which may be covered by these provisions are more varied than the combinations obtainable from the articles in the superior heading, offends my sense of mathematics which says that the whole cannot be greater than the sum of its parts. Also offended is rule 10(c)(i) of the tariff schedules general interpretative rules which provides that a superior heading cannot be enlarged by inferior headings indented under it.

The articles named in the superior heading are not given as clarifying examples of a general type, i.e., exemplars. They are the descriptions and names of the dutiable articles themselves. Articles which are not named or described are not included either directly or in combination. The tape player is not a tape recorder by any stretch of meaning or of the imagination and this is conceded by defendant. A combination in which a tape player is present as an obviously important segment is therefore not a combination envisioned by the provisions under which the importation was classified or under which the defendant makes its alternative claim. Contrary to defendant's argument, I do not discern a general congressional intention to include all varieties of magnetic tape media in these provisions. The plain meaning of the language of the superior heading simply does not permit so broad an interpretation.

I note in passing defendant's contention that the word "phonographs" used in the superior heading may be construed to describe a tape player. Although there may be sources which use this word to describe any device which reproduces sound, it is a very loose usage and definitely incorrect in this context.

Turning to plaintiff's first claim, I find merit in the contention that the importation is properly classifiable pursuant to the provision for "machines not specially provided for" in item 678.50. The imported article has considerable mechanical content and the testimony establishes to my satisfaction that the mechanical nature of the importation is sufficient to constitute it a machine within the common meaning of that term. In its completed form the tape player portion acts mechanically on the tape cartridges inserted into it; the record player acts on the records with a high degree of mechanical complexity. The radio contains important mechanical elements. Considered as a whole the nature and function of this article conforms to my understanding

of the term machine. See, *Trans Atlantic Co.* v. *United States*, 54 CCPA 75, C.A.D. 909 (1967). In sum, the most specific classification to which this article can be subjected is one which is based on its being a machine for the reception and reproduction of sound.

In consequence, plaintiff's alternative claim for classification pursuant to item 688.40, as modified by T.D. 68–9, as electrical articles and parts not specially provided for, need not be discussed.

Judgment will be entered accordingly.