**OZEN SOUND DEVICES, Plaintiff,**

v.

**UNITED STATES, Defendant.**

C.D. 4816; Court No. 78–3–00506.

United States Customs Court.

Aug. 7, 1979.

Mandel & Grunfeld, Los Angeles, Cal. (Murray Sklaroff, New York City, on the briefs), for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, Attorney in Charge, Field Office for Customs Litigation, New York City (Saul Davis, New York City, on the briefs), for defendant.

*On Plaintiff's Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Summary Judgment*

MALETZ, Judge:

This case concerns the proper tariff classification of merchandise which is virtually the same as the merchandise involved in *Mattel, Inc. v. United States,* 76 Cust.Ct. 84, C.D. 4639 (1976). In *Mattel* articles invoiced as "voice units" which were inserted into dolls and other objects to reproduce prerecorded sentences or sayings were held to have been properly classified by Customs under item 737.90 of the Tariff Schedules of the United States (TSUS), as modified by T.D. 68–9, as parts of toys, not specially provided for, rather than under item 685.32, as modified by T.D. 68–9, as phonographs, as the plaintiff-importer contended.

In the present case the imported merchandise was invoiced as "B. O. Talking Mechanisms with Record No. D453" (hereafter "Talking Mechanism"). The Talking Mechanism consists of a turntable, spindle, tone arm assembly, stylus, loudspeaker cone and a record, and is the same in all material respects as the merchandise invoiced in *Mattel,* except that the merchandise in the present case is driven by a battery-operated electric motor rather than a clock spring and string mechanism.

In *Mattel* the court held that the imported merchandise contained two separate and distinct essential elements (the phonograph device and the record) and therefore could not be classified under item 685.32, the *eo nomine* provision for phonographs, since the merchandise was "more than as well as other than the phonographs encompassed by item 685.32 * * *."[1]  76 Cust.Ct. at 91.

Plaintiff has moved for judgment on the pleadings in this case claiming that *Mattel* is not *stare decisis* of the issues involved in this case on the ground that: (1) records have consistently been held to constitute parts of phonographs and, therefore, the Talking Mechanism is a phonograph within the scope of item 685.32;[2] (2) the Talking Mechanism is not "more than" a phonograph;[3] and (3) in any event, the Talking Mechanism is properly classifiable under item 688.40 as electrical parts of articles, not specially provided for, since that provision is assertedly more specific than item 737.95.[4]

#### Statutes Involved

Classified under [Schedule 7, Part 5, Subpart E]:

Toys, and parts of toys, not specially provided for:

| * | * | * | * | * | * | * |

737.95[5]   Other ................. 17.5% ad val.

Claimed under [Schedule 6, Part 5]:

| * | * | * | * | * | * | * |

685.32    Record players, phonographs, record changers, turn-tables,

and tone arms, and parts of the foregoing ........... 5.5% ad val.

Alternatively claimed under [Schedule 6, Part 5]:

688.40   Electrical articles, and electrical parts of articles, not specially provided for ............... 5.5% ad val.

Also relevant is Schedule 7, Part 2, Subpart G, item 724.25, which provides for "Phonograph records * * *."

■  Against this background we consider first whether the decision in *Mattel* is *stare decisis* of the present action bearing in mind that "[a] decision in a prior case involving the same merchandise and the same issue is ordinarily *stare decisis* of the succeeding case." Sturm, *A Manual of Customs Law* (1974), p. 368. However, in the present case several new arguments have been presented which were not raised or considered in *Mattel*. Additionally, plaintiff insists that *Mattel* was erroneously decided. In these circumstances, the court will not apply *stare decisis*. See, e. g., *Hertz v. Woodman,* 218 U.S. 205, 30 S.Ct. 621, 54 L.Ed. 1001 (1910); *M. Pressner & Co. v. United States,* 56 Cust.Ct. 489, C.D. 2686 (1966).

This brings us to plaintiff's main contention that records have been consistently held to constitute parts of phonographs and that the Talking Mechanism is therefore a phonograph within the scope of item 685.32. In support of this contention, plaintiff relies on the following cases where the courts

---

1. In *Mattel* it was undisputed that the voice units were parts of toys. It was also undisputed that the provision for phonographs in item 685.32 is a specific provision within the meaning of general interpretative rule 10(ij) which provides that a provision for "parts" of an article does not prevail over a specific provision for such part. See also headnote 1 of schedule 7, part 5, subpart E. Thus, in *Mattel* if the imported articles were phonographs within the ambit of item 685.32, as claimed, then general interpretative rule 10(ij) and headnote 1 would require that the phonograph provision prevail over the item 737.90 "parts of toys" provision. In these circumstances, the single issue in *Mattel*—and the major issue here— was whether or not the importations constitut-

ed "phonographs" within the meaning of item 685.32. See 76 Cust.Ct. at 86.

2. This argument was not presented or considered in *Mattel*.

3. This argument was fully briefed and decided by the court in *Mattel*. However, plaintiff contends that in so holding the court erred.

4. This argument was not presented or considered in *Mattel*.

5. On January 1, 1976, item 737.90 was renumbered item 737.95. See E.O. 11888, Nov. 24, 1975, effective January 1, 1976. Apart from this renumbering, the two items are identical.

held that under the Tariff Acts of 1909, 1922 and 1930, records were parts of phonographs: *American Express Co. et al. v. United States,* 4 Ct.Cust.Appls. 279, T.D. 33490 (1913); *Louis Bauer v. United States,* 66 Treas.Dec. 1060, Abs. 29235 (1934); *Thomas & Pierson v. United States,* 44 Treas.Dec. 470, Abs. 46515 (1923).[6] Further, plaintiff places emphasis on *Landay Bros. v. United States,* 5 Ct.Cust.Appls. 498, T.D. 35151 (1915), where steel needles for phonographs, some of which were permanently fitted into the phonographs, were held to be parts of phonographs under the Tariff Act of 1909. As basis for this holding, the court pointed out that a phonograph without a needle was not a complete machine and that without these needles the phonograph could not reproduce sound. Thus, the court concluded that the needles in question "are just as much parts of phonographs as are the records to which such needles are applied in order to reproduce sounds and are subject to the same tariff classification." 5 Ct.Cust.Appls. at 500. From this plaintiff asserts that the court in *Landay* recognized that a phonograph with one of its essential parts (a needle), whether permanently attached or replaceable, was not more than a phonograph.

Additionally, plaintiff makes reference to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108 (effective June 30, 1956) (hereafter "Sixth Protocol"), where phonograph records for the first time were specifically referred to as parts of phonographs (with their rates reduced).[7] The provision of the Tariff Act of 1930, as modified by the Sixth Protocol, read as follows:

Par. 1542 Parts of phonographs, gramophones, graphophones, or of similar articles, not specially provided for:

Phonograph, gramophone, or graphophone records

With these considerations in mind, plaintiff argues that the Tariff Schedules of the United States have not changed the situation that existed under the Tariff Act of 1930 and prior tariff acts. Hence, plaintiff concludes that since the component record is a part of the Talking Mechanism, the Talking Mechanism itself is nothing more than a phonograph within the scope of item 685.32.

█ There is a basic difficulty, however, with this argument. The difficulty is that in the enactment of the Tariff Schedules in 1962 Congress manifested a clear intent to *discontinue* the prior practice of treating records *as parts of phonographs.* Thus, Congress provided for phonographs *and their parts* in Schedule 6, Part 5 of TSUS, while it provided for *phonograph records* in Schedule 7, Part 2, item 724.25—a completely separate schedule within TSUS. This leads to the inescapable conclusion that the classification of the Talking Mechanism as a phonograph would frustrate the clear purpose of Congress' distinct and separate tariff treatment of records. For such classification would merge the distinction Congress made between records and phonographs when it placed these articles in completely separate schedules of TSUS. The short of the matter is that had Congress intended that records continue to be treated as parts of phonographs, it would merely have enacted a provision for another subdivision under item 685.32 for "parts of phonographs: records" as was done in the Sixth Protocol. This it did not do. Instead of adopting the scheme set out in the Sixth Protocol, Congress in enacting the Tariff Schedules provided separate and distinct tariff treatment for phonographs (in item 685.32) and for phonograph records (in item 724.25).

█ Accordingly, it must be concluded that the Talking Mechanism in this case,

6. Plaintiff also relies on *American Graphophone Co. v. Amet,* 74 F. 789 (N.D.Ill.1896), where the circuit court held in a patent infringement case that records were integral parts of sound producing devices designed to make the devices usable and useful.

7. More specifically, the rate for records was reduced by the Sixth Protocol to 14 percent while the rate for phonographs, gramophones and graphophones remained the same at 30 percent. Subsequently the rates were further reduced.

due to the presence of the essential record portion, is more than or other than the phonographs provided for in item 685.32. See *Mattel, supra.* See also *Montgomery Ward & Co. v. United States,* 499 F.2d 1283, 73 Cust.Ct. 187, C.D. 4573 (1974).

We consider lastly plaintiff's alternative claim for classification under item 688.40 as electrical parts of articles, not specially provided for. In support of this claim, plaintiff contends that item 688.40 is more specific than item 737.95, the provision for other toys and parts of toys, not specially provided for, under which the imported merchandise was classified. The contention is without merit. For it has been specifically held that item 737.90 (the predecessor of item 737.95 for parts of toys) is more specific than item 688.40 (electrical parts of articles). *Ideal Toy Corp. v. United States,* 433 F.2d 801, 58 CCPA 9, C.A.D. 996 (1970). See also *J. E. Bernard & Co., Inc. v. United States,* 62 Cust.Ct. 536, C.D. 3822 (1969), *aff'd,* 436 F.2d 506, 58 CCPA 91, C.A.D. 1009 (1971).

For the reasons indicated, plaintiff's motion for judgment on the pleadings is denied; defendant's cross-motion for summary judgment is granted; and the action is dismissed.