**OZEN SOUND DEVICES, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 79–37.**
**C.A.D. No. 1246.**

United States Court of Customs
and Patent Appeals.

May 1, 1980.

Robert B. Silverman, New York City, Attorney of record for appellant; Murray Sklaroff, New York City, of counsel.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director Joseph I. Liebman, New York City, Atty. in Charge, Field Office for Customs Litigation, Saul Davis, New York City, of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and MILLER, Associate Judges, and FORD,* Judge.

MILLER, Judge.

This is an appeal from the judgment of the United States Customs Court in *Ozen Sound Devices v. United States*, 83 Cust.Ct. ——, C.D. 4816, 476 F.Supp. 1078 (1979), which upheld the classification of the imported merchandise under item 737.95 of the Tariff Schedules of the United States ("TSUS") as parts of toys, not specifically provided for. We affirm.

## BACKGROUND

The imported merchandise is a talking mechanism inserted into dolls or other objects to reproduce prerecorded sayings. It includes a turntable, spindle, tone arm assembly, stylus, loudspeaker cone, and a record which is permanently affixed by cement to the turntable and cannot be removed without destroying the article. It is the same as the merchandise involved in *Mattel, Inc. v. United States*, 76 Cust.Ct. 84, C.D. 4639 (1976), except that it is driven by a battery-operated, switch-activated, electric motor, whereas the talking mechanism in *Mattel* was driven by a clock spring and string combination.

* The Honorable Morgan Ford, United States Customs Court, sitting by designation.

1. Schedule 7, Part 5, Subpart E, item 737.95 provides:

> Toys, and parts of toys, not specifically provided for:
>
> \*   \*   \*   \*   \*   \*   \*
>
> 737.95 Other . . . . . . . . . . . . . . . . 17.5% ad val.

2. Schedule 6, Part 5, item 685.32 provides:

Instead of classification under item 737.-95,[1] as parts of toys, not specifically provided for, appellant claims that the merchandise is more properly classifiable under item 685.32,[2] as a phonograph, or under item 688.40,[3] as electrical parts of articles, not specifically provided for.

In the Customs Court, appellant moved for judgment on the pleadings, and the Government moved for summary judgment. The court, in granting the Government's motion, stated that, in enacting the Tariff Schedules in 1962, Congress manifested a clear intent to *discontinue* the prior practice of treating records as parts of phonographs by providing for phonographs *and their parts* in Schedule 6, Part 5, item 685.32, while providing for phonograph records in Schedule 7, Part 2, item 724.25. The court said that classification of appellant's talking mechanism as a phonograph would frustrate that intent. It concluded that the talking mechanism, due to the presence of the essential record portion, is more than or other than the phonographs provided for in item 685.32 and not properly classifiable under that item. The court further concluded that appellant's alternative claim under item 688.40 is not proper, because this court had specifically held that item 737.90[4] (the predecessor to item 737.95 for parts of toys) is more specific than item 688.40. *Ideal Toy Corp. v. United States*, 58 CCPA 9, C.A.D. 996, 433 F.2d 801 (1970).

## OPINION

■ To determine whether an article is more than an article included in a particular tariff provision, it is necessary to as-

685.32 Record players, phonographs, record changers, turntables, and tone arms, and parts of the foregoing . . . . . . . . . . . . . . . 5.5% ad val.

3. Schedule 6, Part 5, item 688.40 provides:

688.40 Electrical articles, and electrical parts of articles, not specifically provided for . . . . . . . . . .5.5% ad val.

4. On January 1, 1976, item 737.90 was renumbered as item 737.95 T.D. 75–304. Otherwise, the two items are identical.

certain the common meaning of the term in the provision and to compare it with the involved merchandise. *E. Green & Son (New York), Inc. v. United States*, 59 CCPA 31, C.A.D. 1032, 450 F.2d 1396 (1971). The meaning of a term in a tariff provision, when not otherwise defined in the TSUS or indicated by the legislative history, is the common meaning understood in trade and commerce; and the court may consult dictionaries, scientific authorities, and other reliable sources of information in ascertaining the common meaning. *Schott Optical Glass, Inc. v. United States*, 67 CCPA ——, C.A.D. 1239, 612 F.2d 1283 (1979).

Appellant has cited the following dictionary definitions of "phonograph":

An instrument for recording, for reproducing, or for recording and reproducing sounds by the transmission of the vibrations of a stylus connected with a diaphragm and in contact with a groove in a record blank or record that is rotated steadily by the action of a spring or by an electric motor. [*Webster's New International Dictionary of the English Language* (1958).]

[A]n instrument for reproducing sounds by means of the vibration of a stylus or needle following a spiral groove on a revolving circular disc or cylinder. [*Webster's Third New International Dictionary of the English Language* (1971)].[5]

Appellant argues that a record is an essential component in each of the above definitions and that, accordingly, the talking mechanism meets the definition of phonograph. However, the definitions indicate

that a phonograph is an "instrument" which can produce sounds and that the "instrument" does not include a record, but merely responds to the action of a record.

Other unrebutted evidence also supports this view. It establishes that complete phonographs, as the term is used commercially, are sold to the public without records and are known as phonographs without the presence of records; and that articles containing both a phonograph instrument and a record element are not sold as phonographs to the public.

■ Therefore, we conclude that appellant's talking mechanism does not come within the common meaning of phonograph.

We further conclude that the addition of the record to appellant's talking mechanism is of such significance that the talking mechanism cannot be classified under item 685.32.[6] *See The Englishtown Corp. v. United States*, 64 CCPA 84, 87, C.A.D. 1187, 553 F.2d 1258, 1260 (1977). *Cf. Robert Bosch Corp. v. United States*, 63 Cust.Ct. 96, 103 C.D. 3881 (1969), citing *Hirsch & Co. v. United States*, 4 Ct.Cust.App. 82, T.D. 33365 (1913).

■ With respect to appellant's claim that the talking mechanism should be classified under item 688.40 because that item is more specific than item 737.95,[7] item 737.95 requires that the article belong to a class which possesses a use for amusement of children or adults throughout the United States that predominates over all other uses;[8] whereas, item 688.40 requires only that the article have electrical characteris-

---

**5.** These definitions were cited in the *Mattel* case, *supra* at 88.

**6.** Although, as appellant argues, records were considered to be parts of phonographs at an earlier time (*see e. g., Landay Bros. v. United States*, 5 Ct.Cust.App. 498, T.D. 35151 (1915)), this practice was not continued after the 1962 enactment of TSUS. Appellant also invites our attention to *Decorated Metal Mfg. Co. v. United States*, 12 Ct.Cust.App. 140, T.D. 40061 (1924) (typewriter ribbon spools held to be parts of typewriters). However, each case

dealing with a "more than" issue must be decided on its own facts. *E. Green & Son (New York), Inc. v. United States*, *supra* 59 CCPA at 34, 450 F.2d at 1398.

**7.** Appellant cites General Interpretative Rule 10(c), which provides, in relevant part, as follows:

an imported article which is desceibed in two or more provisions of the schedules is classifiable in the provision which most spe-

**8.** *See* Schedule 7, Part 5, Subpart E, headnote 2.

tics. Accordingly, we are persuaded that item 737.95 has requirements more difficult to satisfy than item 688.40 and is, therefore, the more specific provision. *United States v. Simon Saw & Steel Co.*, 51 CCPA 33, C.A.D. 834 (1964).[9]

In view of the foregoing, the judgment of the Customs Court is *affirmed.*

9. For a different reason, this court, in *Ideal Toy Corp. v. United States*, 58 CCPA 9, 13, C.A.D. 966, 433 F.2d 801, 804 (1970), affirmed a Customs Court determination that item 737.90 (the predecessor to item 737.95) prevailed over item 688.40.