PHILIP MORRIS U.S.A., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–02–00070

(Decided March 9, 1992)

*Arnold & Porter* (*Michael T. Shor*) for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, United States Department of Justice, (*John J. Mahon*) for defendant.

DiCARLO, *Chief Judge:* Plaintiff, Philip Morris U.S.A., challenges Customs' classification of two sizes of tobacco particles under item 170.35 of Tariff Schedules of the United States (TSUS) as "filler tobacco * * * cigarette leaf * * * stemmed." The Court has jurisdiction pursuant to 28 U.S.C. §1581(a) (1988). The Court holds that the merchandise is classifiable under item 170.60 as "scrap tobacco."

### BACKGROUND

Plaintiff entered into its bonded warehouse tobacco particles which it identifies as VXS. The parties agree that VXS is floor sweepings and other residue classifiable under item 170.60 as "scrap tobacco." In the warehouse, VXS was [processed].[1] Plaintiff obtained two sizes of tobacco particles which it identifies as VVF and VXSS. VVF and VXSS must be classified in the condition withdrawn from the bonded warehouse. 19 U.S.C. §1562 (1988).

---

[1] Business proprietary, confidential information has been deleted for the public version.

138

At trial plaintiff presented witnesses who testified that VVF and VXSS are commonly and commercially known as scrap tobacco.[2] There was no evidence to the contrary. Plaintiff's witnesses testified VXSS and VVF are not physically different from domestic tobacco particles classifiable as scrap under the United States Department of Agriculture Standard Grade Classifications. This testimony was not rebutted. The Court found that the domestic tobacco particles, classifiable as scrap under USDA Standard Grade Classifications, are not physically different from VXSS and VVF. The Court also found that VXSS and VVF are scrap tobacco in its common and commercial meaning.

## DISCUSSION

"[T]he meaning of tariff terms is a question of law, while the determination whether a particular item fits within that meaning is a question of fact." *E.M. Chemicals v. United States*, 9 Fed. Cir. (T) 33, 35, 920 F.2d 910, 912 (1990) (citations omitted). Tariff terms are to be construed in accordance with their common and commercial meaning, which are presumed to be the same, in the absence of a contrary legislative intent. *Nippon Kogaku (USA), Inc. v. United States* 69 CCPA 89, 92, 673 F. 2d 380, 382 (1982); *Ozen Sound Devices v. United States*, 67 CCPA 67, 69, 620 F.2d 880, 882 (1980). In determining the common meaning of tariff terms, the Court "may consult lexicographic and scientific authorities, dictionaries, and other reliable information sources." *W.Y. Moberly, Inc. v. United States*, 9 Fed. Cir. (T) 50, 52, 924 F. 2d 232, 235 (1991) (citation omitted).

The Court considered the definitions of scrap tobacco in the pretrial order, which provides, *inter alia*:

11. *The Tobacco Dictionary* (R. Jahn 1954) at 144–145 contains the following definitions:

*Scrap:* "By government definitions, a by-product from handling the leaves in both the unstemmed and stemmed forms; that is, the leaves, floor sweepings, and all other tobacco materials except stems which accumulate in the manufacturing process."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

12. *Webster's Third New International Dictionary* (1967) contained a definition of "scrap" which reads as follows: "A by-product of the handling of tobacco consisting of loose tangled pieces of leaves, floor sweepings, but no stems."

Schedule C, Pretrial Order.

Defendant contends that to be scrap the merchandise must be a by-product and may not have reached its condition in a purposeful way. *Kuehne and Nagel, Inc. v. United States*, 10 CIT 814 (1986). Defendant argues since VXS is changed into two primarily intended products by

---

[2] Defendant attempts to differentiate the tariff term "scrap tobacco" from the Court's finding that VVF and VXSS are "tobacco scrap." Def. Br. at 8–9. The Court used the terms interchangeably throughout the trial and did not differentiate "tobacco scrap" from "scrap tobacco."

[processing], they cannot be by-products. *Kuehne and Nagel* involved the classification of pieces of tobacco which were intentionally cut into smaller than half leaves and were not floor sweepings nor other material accumulated in the manufacturing process. The evidence in *Kuehne and Nagel* showed that the commercial meaning of scrap did not include intentionally cut tobacco for cigarette manufacture, and the court found that the merchandise was not scrap "in any sense of the word, from 1960 to [1986]." *Id.* at 818.

Here, the issue is whether Congress intended a change in the tariff classification of scrap tobacco when it was [processed] in a bonded warehouse, and where the resulting merchandise is commonly and commercially known as scrap tobacco. The parties agreed that plaintiff entered into its warehouse the by-products of processing of tobacco leaves, classifiable as "scrap tobacco." Furthermore, the Court found that the merchandise after [processing] remained by-products and was still scrap tobacco as the term is known commonly and commercially. The Court holds that Congress did not intend to change in the classification of scrap tobacco when the process undertaken in plaintiff's warehouse resulted in merchandise which is still scrap tobacco in its common and commercial meaning.

Defendant also cites *Latimer v. United States*, 223 U.S. 501 (1912), *Seeberger v. Castro*, 153 U.S. 32 (1894), and *United States v. Schroeder*, 93 F. 448 (2d Cir. 1899) asserting that the merchandise cannot be scrap tobacco because there is a long-standing judicial recognition that scrap tobacco is the by-product of handling tobacco consisting primarily of clippings or floor sweepings. Those cases do not help defendant because the Court found VXSS and VVF remain by-products of handling tobacco. Moreover, the *Latimer* Court construed the term "waste" in seeking the proper classification of merchandise which the court described as scrap tobacco. *Castro* and *Schroeder* dealt with the issue of whether scraps or waste from handling tobacco is classifiable under "tobacco, manufactured" or "tobacco, unmanufactured."

## CONCLUSION

In the absence of any contrary legislative intent, the Court is to construe tariff terms in their common and commercial meaning. There is no evidence that Congress did not intend "scrap tobacco" to be construed in its common and commercial meaning. Since the merchandise withdrawn from plaintiff's warehouse is commonly and commercially known as scrap tobacco, plaintiff has overcome the presumption of correctness attaching to Customs' classification, *see* 28 U.S.C. §2639(a)(1) (1988). Consequently, the Court finds that the merchandise is classifiable under item 170.60 as "scrap tobacco."